IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ZURICH AMERICAN INSURANCE　　　CASE NO.
COMPANY and AMERICAN
GUARANTEE AND LIABILITY
INSURANCE COMPANY,

    Plaintiffs,

v.

WESTFIELD INSURANCE COMPANY
and NORTH RIVER INSURANCE
COMPANY,

    Defendants.

_____/

## COMPLAINT

**COMES NOW** Plaintiffs, ZURICH AMERICAN INSURANCE COMPANY ("ZAIC") and AMERICAN GUARANTEE AND LIABILITY COMPANY ("AGLIC") (collectively "Plaintiffs"), by and through undersigned counsel files this Complaint against Defendants, WESTFIELD INSURANCE COMPANY ("WESTFIELD") and NORTH RIVER INSURANCE COMPANY ("NORTH RIVER") (collectively "Defendants"), and as grounds therefore states as follows:

### Parties

1.     ZAIC is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New

York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196. ZAIC is authorized to transact business and has transacted business in Florida.

2. AGLIC is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196. AGLIC is authorized to transact business and has transacted business in Florida.

3. WESTFIELD is an Ohio corporation engaged in the insurance business with a statutory home office and principal place of business located at One Park Circle, Westfield Center, OH 44251. WESTFIELD is authorized to transact business and has transacted business in Florida.

4. NORTH RIVER is a New Jersey corporation engaged in the insurance business with a statutory home office and principal place of business located at 305 Madison Avenue, Morristown, NJ 07960. NORTH RIVER is authorized to transact business and has transacted business in Florida.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

6. Plaintiffs ZAIC and AGLIC are not citizens of the same states as Defendants WESTFIELD and NORTH RIVER. Accordingly, there is complete diversity between the parties.

7. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391 as the policies issued by ZAIC, AGLIC, WESTFIELD, and NORTH RIVER were issued and delivered in Tallahassee, Florida. The issuance and delivery of the insurance policies by ZAIC, AGLIC, WESTFIELD, and NORTH RIVER is a substantial part of the event giving rise to the subject claim. Moreover, the underlying lawsuit that forms the basis for the subject claim was filed in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, and related to a construction project in Leon County, Florida.[1]

## Nature of Plaintiff's Claims

8. Plaintiff ZAIC issued Commercial General Liability Policy Nos. GLO 0194620-00 through GLO 0194620-03 to Culpepper Construction Company, Inc. ("Culpepper"), with effective dates from May 4, 2016, until May 4, 2020 (the "ZAIC Policies"). The ZAIC Policies are attached as Exhibit A.

9. Defendant WESTFIELD issued Commercial General Liability Policy No. CMM 0395871 to Knox Holdings, Inc. d/b/a Culpepper Construction Company Inc.,

---

[1] The underlying lawsuit was styled *Plaza Tower Master Association, Inc. v. Culpepper Construction Co., Inc., et al.*, Case No. 2019 CA 001605.

with effective dates from May 4, 2013, until May 4, 2016 (the "WESTFIELD Policies"). The WESTFIELD Policies are attached as Exhibit B.

10. Plaintiff AGLIC issued Commercial Umbrella Liability Policy Nos. AUC 0194942-00 through AUC 0194942-03 to Culpepper with effective dates from May 4, 2016, until May 4, 2020 (the "AGLIC Policies"). The AGLIC Policies are attached as Exhibit C.

11. Defendant NORTH RIVER issued commercial umbrella liability insurance to Culpepper from May 4, 2013, until May 4, 2016 (the "NORTH RIVER Policies"). Plaintiff is not in possession of the NORTH RIVER Policies but incorporates them by reference as fully set forth herein.[2]

12. On or around July 8, 2019, Plaza Tower Master Association, Inc. ("Plaza"), sued Culpepper and others based on alleged construction defects in a 23-story concrete frame residential and commercial building (the "Underlying Action").

13. On or around October 19, 2021, Plaza filed an amended complaint (the "Operative Complaint"). The Operative Complaint is attached as Exhibit D.

14. The Operative Complaint alleged counts for Breach of Implied Warranty, Breach of Statutory Warranty and Violation of Florida Building Code (§553.84) against Culpepper.

---

[2] Plaintiffs, ZAIC and AGLIC have not been provided with a copy of the NORTH RIVER Policies, but anticipate that same will be produced in discovery.

15. ZAIC and WESTFIELD both agreed to defend Culpepper pursuant to respective reservations of rights.

16. The Underlying Action settled at mediation. To discharge Culpepper's liability as determined by the settlement agreement, ZAIC, AGLIC and WESTFIELD paid a confidential sum. The amount of the settlement and contributions by the various payors is subject to a Confidential Settlement Agreement and Mutual Release.[3]

17. ZAIC and WESTFIELD had a common obligation to indemnify Culpepper under their respective policies.

18. WESTFIELD refused to pay its pro rata share of the common obligation based on improper reliance on an untenable coverage position.

19. The NORTH RIVER Policies cover liability in excess of the limits of the WESTFIELD Policies.

20. Acting in good faith and for the benefit of the mutual insured, ZAIC and AGLIC agreed to indemnify Culpepper in excess of their pro rata share.

21. As part of the Confidential Settlement Agreement and Mutual Release, Plaintiffs reserved their rights to seek equitable subrogation or contribution from any of Culpepper's other insurers.

---

[3] The Confidential Settlement Agreement and Mutual Release will be provided to the Court *in camera* or under seal, as may be needed in the course of this litigation.

22. Because ZAIC and AGLIC paid more than their proportionate share of common liability of a mutual insured, Culpepper, Plaintiffs have a right to contribution against Defendants.

23. Pursuant to the settlement and release, Plaintiffs seek contribution and equitable subrogation from WESTFIELD and NORTH RIVER based on the inequitable funding of the settlement of the Underlying Action, and consistent with the terms of the respective policies.

**Allocation of Loss**

24. Coverage under the policies was first triggered on or about January 23, 2014, when the Certificate of Occupancy was issued, and continued until on or about January 16, 2018, when the Notice of Construction Defect was issued.

25. In the 47.5 months where coverage was triggered, ZAIC and AGLIC were on the risk for 20.5 months, or 42.6% of the total period. WESTFIELD and NORTH RIVER were on the risk for the remaining 27 months, 57.4% of the total period, based on the respective effective policy periods.

26. Using pro rata allocation based on time on the risk as calculated above,[4] the Defendants' calculated share of the total settlement exceeded the amount they contributed toward the settlement of the Underlying Action.

---

[4] ZAIC and AGLIC do not waive their rights to advocate for a method of allocation other than pro rata by time on the risk that is even more favorable to ZAIC and AGLIC. At a minimum, WESTFIELD and/or NORTH RIVER are liable for failing to contribute their pro-rata, time-on-the-risk share of the settlement reached on behalf of Culpepper.

27. Plaintiffs have been damaged, as the amounts they contributed to the settlement of the Underlying Action were in excess of their pro rata share.

28. To the extent that WESTFIELD's share of the liability is in excess of one or more of its policy limit(s), NORTH RIVER must contribute the remaining pro rata share, after exhaustion of the WESTFIELD primary limit(s).

### COUNT I – Contribution
### (AGAINST WESTFIELD)

29. Plaintiffs reallege Paragraphs 1 through 28 as fully set forth herein.

30. Culpepper was a mutual insured under both the ZAIC Policies and WESTFIELD Policies.

31. The ZAIC Policies and WESTFIELD Policies both provided primary coverage for the property damage claims presented against Culpepper in the Underlying Action.

32. ZAIC and WESTFIELD had a common obligation to indemnify their mutual insured, Culpepper, under their respective policies, and to contribute their respective pro rata share on behalf of Culpepper in settlement of the Underlying Action.

33. WESTFIELD refused to pay its pro rata share of the common indemnity obligation owed to Culpepper in settlement of the Underlying Action, based on its improper reliance on an untenable coverage position.

34. To facilitate settlement of the Underlying action and minimize the liability of the mutual insured, Culpepper, ZAIC paid more than its pro rata share toward the settlement, which should have been paid by WESTFIELD.

35. Due to WESTFIELD's refusal to contribute its pro rata share of indemnity obligation owed to Culpepper in settlement of the Underlying Action, AGLIC, as one of Culpepper's umbrella insurers, was required to pay more that its pro rata share toward the settlement, which should have been paid by WESTFIELD.

36. Based upon the foregoing payments made by ZAIC and AGLIC, Culpepper's liability with regard to the Underlying Action has been discharged in full.

37. Accordingly, Plaintiffs are entitled to contribution from WESTFIELD to the extent of the damages Plaintiffs have suffered in excess of Plaintiffs' pro rata share of the common liability.

WHEREFORE, Plaintiffs ZAIC and AGLIC respectfully request that the Court enter final judgment for damages against WESTFIELD in the amount of its pro rata share of the common liability of Culpepper, together with pre- and post-judgment interest and costs, along with any such other legal and equitable relief as this Court deems proper and just.

## Count II – Contribution
## (AGAINST NORTH RIVER)

38. Plaintiffs reallege Paragraphs 1 through 28 as fully set forth herein.

39. Culpepper was a mutual insured under the ZAIC Policies, AGLIC Policies, WESTFIELD Policies and NORTH RIVER Policies.

40. The ZAIC Policies and WESTFIELD Policies both provided primary coverage for the property damage claims presented against Culpepper in the Underlying Action.

41. The AGLIC Policies and NORTH RIVER Policies both provided umbrella coverage for the property damage claims presented against Culpepper in the Underlying Action.

42. NORTH RIVER provided Culpepper with umbrella liability insurance in effect during the same effective dates of the WESTFIELD Policies and provided coverage in excess of the limits of the WESTFIELD Policies.

43. ZAIC and WESTFIELD had a common obligation to indemnify their mutual insured, Culpepper, under their respective primary policies, and to contribute their respective pro rata share on behalf of Culpepper in settlement of the Underlying Action.

44. To the extent that WESTFIELD's share of the liability is in excess of one or more of its policy limit(s), AGLIC and NORTH RIVER had a common obligation to indemnify their mutual insured, Culpepper, under their respective umbrella policies, and to contribute their respective pro rata share on behalf of Culpepper in settlement of the Underlying Action.

45. WESTFIELD and NORTH RIVER refused to pay their pro rata share of the common indemnity obligation owed to Culpepper in settlement of the Underlying Action, based on its improper reliance on an untenable coverage position.

46. To facilitate settlement of the Underlying action and minimize the liability of the mutual insured, Culpepper, ZAIC and AGLIC paid more than their pro rata share toward the settlement, which should have been paid by WESTFIELD and NORTH RIVER.

47. Based upon the foregoing payments made by ZAIC and AGLIC, Culpepper's liability with regard to the Underlying Action has been discharged in full.

48. Accordingly, Plaintiffs are entitled to contribution from NORTH RIVER to the extent of the damages Plaintiffs have suffered in excess of Plaintiffs' pro rata share of the common liability.

WHEREFORE, Plaintiffs ZAIC and AGLIC respectfully request that the Court enter final judgment for damages against NORTH RIVER in the amount of its pro rata share of the common liability of Culpepper, together with pre- and post-judgment interest and costs, along with any such other legal and equitable relief as this Court deems proper and just.

### Count III – Equitable Subrogation
### (AGAINST WESTFIELD)

49. Plaintiffs reallege Paragraphs 1 through 28 as fully set forth herein.

50. Plaintiffs bring this claim for equitable subrogation in the alternative, should this Court find Plaintiffs are not entitled to damages under Count I for contribution.

51. Plaintiffs paid amounts on behalf of the mutual insured, Culpepper, to protect their own interests.

52. Plaintiffs did not make this payment voluntarily, but rather to protect the interests of the mutual insured, Culpepper, and avoid increased liability of the mutual insured, Culpepper.

53. Plaintiffs were not primarily liable for the amounts paid on behalf of Culpepper because Plaintiffs discharged their pro rata share of the obligation.

54. Plaintiffs' contribution to the settlement discharged the entirety of Culpepper's liability.

55. Equitable subrogation would not work any injustice to the rights of any third party.

56. As such, Plaintiffs are the equitable subrogees of the insured, Culpepper, and are entitled to Culpepper's rights and priorities against WESTFIELD.

57. Plaintiffs stand in the shoes of Culpepper, who was entitled to indemnity from WESTFIELD for damages allocated to time in which the WESTFIELD Policies were on the risk for the claims alleged against Culpepper in the Underlying Action.

WHEREFORE, Plaintiffs ZAIC and AGLIC respectfully request that the Court enter final judgment for damages against WESTFIELD, together with pre- and post-judgment interest and costs, along with any such other legal and equitable relief as this Court deems proper and just.

### Count IV – Equitable Subrogation
### (AGAINST NORTH RIVER)

58. Plaintiffs ZAIC and AGLIC reallege Paragraphs 1 through 28 as fully set forth herein.

59. Plaintiffs bring this claim for equitable subrogation in the alternative, should this Court find Plaintiffs are not entitled to damages under Count I for contribution.

60. Plaintiffs paid amounts on behalf of the mutual insured, Culpepper, to protect their own interests.

61. Plaintiffs did not make this payment voluntarily, but rather to protect the interests of the mutual insured, Culpepper, and avoid increased liability of the mutual insured, Culpepper.

62. Plaintiffs were not primarily liable for the amounts paid on behalf of Culpepper because Plaintiffs discharged their pro rata share of the obligation.

63. Plaintiffs' contribution to the settlement discharged the entirety of Culpepper's liability.

64. Equitable subrogation would not work any injustice to the rights of any third party.

65. As such, Plaintiffs are the equitable subrogees of the insured, Culpepper, and are entitled to Culpepper's rights and priorities against NORTH RIVER.

66. Plaintiffs stand in the shoes of Culpepper, who was entitled to indemnity from NORTH RIVER for damages allocated to time in which the NORTH RIVER Policies were on the risk for the claims alleged against Culpepper in the Underlying Action.

WHEREFORE, Plaintiffs ZAIC and AGLIC respectfully request that the Court enter final judgment for damages against NORTH RIVER, together with pre- and post-judgment interest and costs, along with any such other legal and equitable relief as this Court deems proper and just.

## **DEMAND FOR JURY TRIAL**

ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 2nd day of August 2024.

Respectfully submitted,

By: *s/Ilana B. Olman*
**ILANA B. OLMAN**
Florida Bar No.: 106066
iolman@smsm.com
NICHOLAS E. RICHARDSON
Florida Bar No. 1024637
nrichardson@smsm.com
SEGAL McCAMBRIDGE SINGER & MAHONEY
200 East Las Olas Blvd., Suite 1820
Fort Lauderdale, FL 33301
Telephone:   954-765-1001
Facsimile:    954-765-1005
*Attorneys for Plaintiffs*